Very well. Mr. Eichmann, we'll hear from you first. Thank you, your honors. Good afternoon. May it please the court. My name is Justin Eichmann. I represent Topp's Mechanical. They were the plaintiff in the action below and the appellant here today. The error that I've cited is the district court's dismissal of this complaint with prejudice despite the allegations of estoppel and waiver that were included. I think the court, that error manifests in two ways. I think first the court questioned whether the waiver estoppel allegations were sufficiently pled, but then I think more to the point for today's argument is I think the district court essentially predicted that the Nebraska courts wouldn't apply waiver and estoppel under the circumstances that were presented in this case. And for the purpose of the limited time I have today, I thought I would probably focus a little bit more my remarks on that second issue. And I think reviewing what the court did and determining whether it was correct I think is sort of a three-step analysis. I think the first analysis is this Matador case that the court found persuasive. It's a Fifth Circuit case that applied Texas law. And then what Matador does at the end of Matador is it decides what Texas law is on the on the subject. So that's sort of the second step. And then I think the third step is the connection that the district court made between the Matador case and the underlying Texas law and determining that Nebraska, which doesn't have an opinion exactly on point, a sort of extending that to the citation of the design data case out of Nebraska and determining that, you know, based on what's said there, the Nebraska courts would have followed this same analysis in Matador. So I think Matador itself, the case I think has two problems. I think factually I don't think it's the same as the law in Nebraska if Matador is correct as to that's what the law in Texas is. In Matador we had a we had a pollution claim sort of like the one we've got here. We have this sort of this buyback endorsement. There's a 30-day reporting period for the claims. The claim comes in on the 38th day. Eight days too late. There really isn't any justification whatsoever given for why it was eight days too late. The claimant in that case made two arguments. Number one, the first argument made is the eight days doesn't matter because there's no showing of any prejudice to the insurer over that eight days. The court dismissed that, the Matador court dismissed that pretty quickly by likening this buyback endorsement essentially to a claims made policy and it decided under Texas law on occurrence policy to deny an occurrence claim based on a late report you've got to be able to show some prejudice based on the late report. That is not the case with the claims made policy. So the claimant in that case then moves on to its second argument since prejudice is no longer an issue. The claimant there made a waiver or estoppel argument because the insurer in that case had, I think if I remember correctly, the insurer had accepted some deductible payments over the course of the claims process before it ultimately denied the claim. I don't want to cut you off if you think this is important. You may proceed with it but you only have six minutes left. Maybe we should talk about what happened in this case and why you think on these facts and the law of Nebraska the claim should proceed. I understand the judge relied on Matador but we've read that case. Maybe you could at some point give us your give us your application of that law to these facts. Certainly and I think here's the bridge. The Matador case cites Texas law essentially as waiver and estoppel can enlarge the risks covered by a policy and can't be used to create a new and different contract with respect to the risk covered or insurance extended. I think Matador determines that Texas sort of has this blanket disapproval. I'm gonna break in on you again. Yeah, address the same language or about the same language appears in design data. Boy, talk about that. It does and I think that's important here. I think the design data case is important and I think it illustrates why Nebraska specifically is different. Design data does say the courts of most jurisdictions agree that waiver and estoppel are not available to broaden the coverage of a policy, etc. etc. Just like it did in the Texas case cited in Matador. However, it goes on. The theory underlying this rule seems to be that the company should not be required by no premium and that's important to the data design case. In data design, there was a question on whether or not there was coverage, whether the product damaged during transit even had coverage because the underlying policy didn't include that kind of transit coverage. The claimant in data design was claiming coverage by estoppel essentially because the insurer didn't identify the lack of claims as a justification for its denial. It was a stop from doing that during the later litigation. I think what's interesting there is there was no insurance in the first place ever for a transit related claim. That's the point that data design making. Nobody ever paid for that coverage. You can't use waiver and estoppel to get it now. Even more importantly, if you look further down at design data, I'll read a quote out of it. Estoppel cannot be invoked to expand the scope of coverage of an insurance contract absent a showing of detrimental good faith reliance upon statements or conducts of the party against whom estoppel is evoked which reasonably led an insurer to believe coverage was present. Okay, well let's talk about that rule as applied to your policy really requires. Your complaint alleges that your people asked whether TMI should be reporting the pollution incident as a claim under the policy and that Kinsale advised TMI could not yet report the incident as a claim under the policy. Here's my question about the policy. Is there a difference between reporting a claim and reporting a pollution incident? I don't believe there's a difference. I think the real difference here is the policy requires that whatever that report is, whether we're reporting the incident or the claim, is that that report be made in writing within a certain time frame. Right, but there's a difference between reporting a pollution incident and reporting a claim and you were told it was too early to report a claim. How does that waive the requirement to report a pollution incident? Well, the way I pledged it is immediately upon learning of the incident, although no demand had been made and I think I even include there and even though we didn't understand that the incident yet constituted a claim, upon contacting Kinsale by phone, we asked if we should be reporting the incident as a claim. I think the fact that we're reporting an incident, I don't know that it matters whether or not we're asking whether or not the incident is a claim or isn't a claim. I think the point being we're calling with, I think what I'm trying to allege there, I think what is alleged is that we're calling there, we're calling to find out what, here's what we believe, here's the incident, we don't think it's a claim yet, do we have to report this for coverage? And we're getting the response, no, you can't do anything until a claim is actually made on you and at that time you submit it. So I think under the liberal pleading, I mean I understand what you're getting at and while I don't think maybe what has been alleged in the complaint is as clear as possible, I think number one, the liberal pleading standard, number two, giving the plaintiff the benefit of any inference there, reasonable inference, and certainly, you know, if we weren't talking about the Matador case and whether or not you can even have a stop or waiver anyway, we'd be looking at a situation where we could possibly amend those pleadings to meet that requirement. Would you like to save 30 seconds for a bubble? Sure, thank you your honor, appreciate your time today. Thank you for your argument. Mr. Savani, we'll hear from you. Thank you. May it please the court, my name is Junaid Savani and I represent the Apelli Kinsel Insurance Company. I want to start off by thanking the court for accommodating us and allowing us to present our argument via video. The Disher court correctly dismissed Topps Mechanical's action because it fails to state a claim and the complaint cannot be amended to assert one. Topps Mechanical, a sophisticated business, purchased a general liability policy from Kinsel, a surplus lines insurer. The policy includes an absolute pollution exclusion. This exclusion bars coverage for any claim arising out of a pollutant. The underlying claim against Topps involves exposure to ammonia gas, which is a hazardous gas. This is undisputed. Topps Mechanical concedes the exclusion bars coverage. What we're here today about is an exception to the exclusion. The policy includes a buyback endorsement that restores limited coverage for certain pollution incidents, but only if they're reported properly. The sole issue before this court is whether Topps can meet its burden of establishing compliance with these reporting requirements. Specifically, the endorsement requires that the incident be reported in writing within 45 days. The requirement that notice be provided in writing is repeated throughout the endorsement. The reason why written notice is required is clear. It's to avoid the situation we have here today. Topps Mechanical claims it called someone on some date and was told by this unnamed individual that it could blatantly disregard the express requirements of the endorsement. These reporting requirements ... Do you agree? Go ahead, Judge Bennett. I'll be very quick, but you agree for the purpose of this appeal that's a scene to be true, paragraphs 11, 12, 13 of the complaint, right? I agree that the the allegations of the phone call are true. Thank you. Judge Galton? Well, do you agree that the allegations of the phone call are that Kinsale told TMI they could blatantly disregard the terms of the policy, which is I think how you just put it? No, I mean we have no record of this happening or anything like that. I think ... I'm talking about what's alleged. I think that is what is alleged, but what ... Okay, so you don't see a difference between reporting an incident as a claim and reporting a pollution incident? I do see a distinction, and that was a good point that Your Honor made. There is a distinction. Both require ... Both need to be reported in writing, but if you look at the endorsement, what it says is for any incident that's properly reported, a claim arising from that incident will be covered unless the insurer is aware of it, to avoid any type of long-tail pollution exposure for the insurer. So an incident that's properly reported within the policy, a claim that arises out of it, even after the policy, will be covered so long as it's within that three-year period, and both have to be reported in writing. But are they reported at different times? Does the insurer first report the pollution incident, and then at a later time, if there's a claim made against the insured, then the insurer has to report it? The insured makes a claim with Kinsale? Is that how it works? Absolutely. And the reason is, when a pollution incident happens, you have to investigate and see what's going on right then and there. If you look at these facts, proper written notice was not provided until a year and a half after the incident. At that point, there couldn't have been any investigation. Everything was done as far as what happened, and everything was cleaned up, and the claimant was injured. Do you agree that under the Keene co-op case, that at least on a certain set of facts, there could be waiver of a policy provision like this? No, Your Honor. Not like this. I agree. There's a distinction between occurrence policies and claims made policies. This was directly addressed by the Nebraska Supreme Court in the Countrywide v. Koch decision. In occurrence policies, a notice provision is secondary to the event that triggers coverage. In a claims made policy, it is the notice itself that triggers coverage. It's the essence of a policy. In occurrence policy, notice can be waived, because again, coverage is triggered, and then it's being stripped away. In our situation, until a claim is properly reported, no coverage has been triggered at all. All those cases can be easily distinguished. The Keene involves first party policy, I believe. DS Realty and Design involve property policies, but no case cited by Thompson Mechanical involves the buyback structure or even a claims made policy. Those are two completely ... They're apple and oranges, Your Honor. In this type of policy, as the Matador decision did, it recognized that the buyback structure was akin to a claims made policy. Just like the Nebraska Supreme Court held in Countrywide, it determined that there could be no exceptions to the reporting requirements of a buyback endorsement, because it's the essence of it. In that case ... I'm going to interrupt you. You think even if there were a course of dealing, like Nebraska has a long history of, and many states do, at least in the Midwest, you think even if there were a course of dealing, that wouldn't apply to a claims made policy. That's your argument. My argument is the essence of a claims made policy, the essence of a buyback endorsement, is proper reporting, and that has to be met. It would be as if you had an auto policy, and you had a pollution occurrence, and you sued your auto insurer saying, hey, I called and said you guys would cover pollution, even though you're an auto policy. No court would hold that that contract can be modified to cover a risk that was not bargained for. Here, the risk bargained for are particular incidents that are properly reported. Because of that limited pollution coverage, the insurer is able to offer a reduced premium for the coverage. It's the benefit that both parties bargained for, both sophisticated parties bargained for, and that cannot be changed. The expressed terms of it cannot be changed, Your Honor. Let me stop you. You mentioned in your argument, and you mentioned in your brief a couple times about the sophistication of the parties, but the sophistication of the parties at this stage of litigation is not something we have evidence on, not something that's pled in the complaint, not something we can consider, is it? No, Your Honor. It is pled in the complaint that they're a mechanical contractor. That is a business entity, right? And regardless, the fact is the policy speaks for itself. I think what we need to step back is read the policy and see exactly what it says. The plain language has to be enforced. It couldn't be any clearer. It says written reporting is required, repeats it throughout. The complaint concedes this was not done. I've cited a few cases, a recent decision from a Louisiana federal district court that granted a motion to dismiss with prejudice, similar fact pattern. Another Fifth Circuit case, judgment on the pleadings for the insurer, because again, same situation. That was all Texas law counsel? Louisiana for the Louisiana federal district court. The Fifth Circuit, the star decision, I believe, was Texas law. That is correct. That is correct. I see I have a minute and a half left, so I will get towards my conclusion. Because Top Mechanical concedes it did not provide proper notice, the complaint cannot be amended to state a claim. Not only would an amendment be futile, but it would also waste judicial and litigant resources, especially now when such resources are scarce. The district court properly dismissed this action. Allowing the lawsuit to stand would require rewriting the contract and altering the risk two parties bargained for. For all these reasons, we ask that the court affirm. All right, thank you for your argument, Mr. Savani. Mr. Eichmann, you are down to 30 seconds, but if you have a quick thought you'd like to make in rebuttal, we'd be happy to hear it. I don't, your honors. I think it's all contained in the briefs. I just would say I appreciate your time and grateful for Mr. Savani's professionalism in our interactions today. Well, thank you both for participating in this different format. I'm glad we could hear from you both. The case is now submitted and the court will file an opinion in due course. You two may be excused or listen to the next one if you wish.